UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAXHI RUGOVA,

              Plaintiff,

              v.

SILVERSTONE PROPERTY GROUP, LLC, and
MADISON REALTY CAPITAL, L.P.,

              Defendants.

23-CV-2648 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      The Court previously referred this action to Magistrate Judge Lehrburger for general pretrial purposes. *See* ECF No. 6. On January 21, 2025, Plaintiff filed a motion seeking to sanction Defendants for purportedly obstructing discovery and violating Judge Lehrburger's discovery orders. *See* ECF No. 41. In the motion, Plaintiff urged the Court to strike Defendants' answer and enter default judgment against them, and alternatively to preclude Defendants from using certain witnesses. *See id.* The Court referred the motion to Judge Lehrburger, *see* ECF No. 42, and he denied the motion by order dated January 28, 2025, *see* ECF No. 46 (the "Order"). Before the Court is Plaintiff's February 10, 2025 letter motion, in which he objects to the Order and argues (1) that the Order should have been issued as a report and recommendation on a dispositive matter, and should be subject to *de novo* review by this Court; and (2) that the Order is nonetheless clearly erroneous and contrary to law.

      Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge must proceed by report and recommendation only with respect to certain enumerated motions.[1] Similarly, Rule 72 requires a

---

[1] These are: "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to

magistrate judge to proceed by report and recommendation only with respect to dispositive matters, which are subject to *de novo* review by the district judge upon timely objection. *See* Fed. R. Civ. P. 72(b). With respect to nondispositive matters, Rule 72 permits a magistrate judge to issue an order that, upon timely objection, the district judge may "modify or set aside" only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a),

    Plaintiff is mistaken that the Order must be construed as a report and recommendation subject to *de novo* review. Plaintiff's motion does not fall into any of the categories enumerated in 28 U.S.C. § 636(b)(1), and although the motion was potentially dispositive pursuant to Rule 72 because it sought to strike Defendants' answer and to enter a default judgment against them, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990), "[t]he critical issue is what sanction the magistrate judge actually imposes, not what sanction the moving party seeks," *Cates v. Trustees of Columbia Univ. in City of New York*, 330 F.R.D. 369, 372 (S.D.N.Y. 2019) (internal quotation marks and alterations omitted). Thus, because Judge Lehrburger "decline[d] to impose" a dispositive sanction, his "decision is governed by Rule 72(a), and may be modified or set aside only if clearly erroneous or contrary to law." *Id.* (citing *Steele v. Costco Wholesale Corp.*, No. 03-CV-0713, 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005)).

    In light of the above, the Court has reviewed the Order for clear error. After careful review of the record, the Court finds no error and thus declines to modify or set aside the order.

---

involuntarily dismiss an action." 28 U.S.C. § 636.

Accordingly, Plaintiff's objections to the Order are overruled.

SO ORDERED.

Dated:     February 26, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge

3