UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAXHI RUGOVA,

                          Plaintiff,

              v.                                                    23-CV-2648 (RA)

SILVERSTONE PROPERTY GROUP, LLC, and                                ORDER
MADISON REALTY CAPITAL, L.P.,

                          Defendants.

RONNIE ABRAMS, United States District Judge:

Before the Court are the parties' cross-motions for summary judgment in an action brought by Plaintiff Haxhi Rugova under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq*. Dkt. Nos. 74, 79. In their motion for summary judgment, Defendants Silverstone Property Group, LLC and Madison Realty Capital, L.P. ("Defendants") assert that Plaintiff is not covered by the FLSA or NYLL under both the executive and administrative exemptions. *See* 29 U.S.C. §§ 541.100, 541.200. Although their Answer included as their Ninth Affirmative defense that "Plaintiff is exempt from the overtime requirements of the FLSA and NYLL," Dkt. No. 15 ("Answer") at 13, it failed to identify the specific exemptions that they now seek to invoke. Plaintiff argues that, as a result, Defendants are foreclosed from asserting either affirmative defense. For the reasons that follow, the Court deems Defendants' Answer amended to assert the relevant affirmative defenses, but to avoid any possibility of prejudice, will allow Plaintiff to conduct limited supplemental discovery.

Generally, failure to plead an affirmative defense in a responsive pleading results in a waiver. *Travellers Int'l, A.G. v. Trans World Airlines*, 41 F.3d 1570, at 1580 (2d Cir. 1994). The Second Circuit, however, has long recognized the discretion a district court has "to consider an affirmative defense raised for the first time at the summary judgment stage by construing the request as one to amend the answer, so long as the party opposing the affirmative defense has an adequate opportunity to respond to that defense

and has otherwise suffered no prejudice as a result of the late pleading." *Ebert v. Holiday Inn*, 2014 WL 349640, at \*9 (S.D.N.Y. Jan. 31, 2014) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000)).

Plaintiff claims that if he had been notified by Defendants about their intention to raise these affirmative defenses, he would have pursued those lines of inquiry during discovery. Although there is no dispute that Plaintiff was aware that Defendants were pursuing some line of argumentation regarding the "managerial exemption," Tr. of Oral Argument at 19:25–20:3, he still insists that he has been prejudiced by Defendants' failure to notify him of the specific exemptions. While the Court is skeptical that a seasoned attorney was genuinely surprised by Defendants' assertion of these affirmative defenses at the summary judgment stage, especially since much of the discovery appears to have been geared towards establishing them, the Court will grant him the opportunity to conduct limited discovery to avoid any possible prejudice. The Court thus deems Defendants' Answer amended to assert the affirmative defenses of administrative and executive exemptions as listed under the FLSA. No later than February 27, 2026, Plaintiff shall advise the Court as to what limited discovery he seeks to take on the specific issues of whether the executive and administrative exemptions apply.

Accordingly, the motions for summary judgment are denied with leave to refile following the limited discovery and the Clerk of Court is hereby respectfully directed to terminate the motions pending at Dkt. Nos. 74 and 79.

SO ORDERED.

Dated:    February 23, 2026
          New York, New York

Ronnie Abrams
United States District Judge

2