UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAXHI RUGOVA,

                    Plaintiff,

          v.                                                23-CV-2648 (RA)

SILVERSTONE PROPERTY GROUP, LLC, and                        ORDER
MADISON REALTY CAPITAL, L.P.,

                    Defendants.

RONNIE ABRAMS, United States District Judge:

        Currently pending before the Court are objections to a discovery order, Dkt. Nos. 123, 125

("Discovery Order") issued by Judge Lehrburger. *See* Dkt. No. 126 ("Pl.'s Objections"). Having

reviewed Judge Lehrburger's order and the parties' arguments, Plaintiff's objections are overruled and

the Discovery Order is affirmed.

                                        **BACKGROUND**

        Plaintiff filed his Complaint on March 29, 2023. *See* Dkt. No. 1 ("Compl."). The case was

referred to Judge Lehrburger for general pre-trial management on April 11, 2023. During the course of

discovery, Plaintiff moved for sanctions regarding Defendants' alleged refusal to appear for

depositions and for untimely disclosure of witnesses. Judge Lehrburger denied the motion, stating that

"[i]t is evident from the trail of correspondence that Plaintiff dropped the ball with respect to setting

deposition dates, scheduling of which was to be completed by December 31, 2024." *See* Dkt. No. 46

("Order"). He permitted Plaintiff to proceed with depositions of Defendants but forbid him from

proceeding with the depositions of other witnesses. *Id.*

        At the close of depositions, the parties cross-moved for summary judgment. In his papers, and

at oral argument, Plaintiff argued that Defendants were foreclosed from asserting various affirmative

defenses under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law

("NYLL") since they had failed to explicitly include either in their Answer. *See* Dkt. No. 117 ("Order Denying Summary Judgment"). Given this, and the aforementioned restriction on depositions, to avoid any possible prejudice, on February 23, 2026, this Court authorized limited discovery aimed at the administrative and executive exemptions pursuant to the FLSA and the NYLL, *see* Dkt. Nos. 117; 121, again referring the handling of discovery to Judge Lehrburger. *See* Dkt. No. 120. Judge Lehrburger held a discovery conference on March 12, 2026 and entered the Discovery Order, which permitted Plaintiff to take limited discovery including individual depositions of Julie Rodriguez, Shea Taylor, and Fausto Pillco. *See* Discovery Order. The Order also limited the scope of the depositions, stating that they would be restricted to the scope of the individual deponents' declarations submitted on summary judgment. *See id.* Plaintiff's counsel objected, characterizing the Discovery Order as "legally and clearly erroneous, contrary to law," and contrary to this Court's original order authorizing limited discovery. Pl.'s Objections at 3. He framed his objections as either objections to a report and recommendation or an appeal of a nondispositive order. *Id.* This Court disputed Plaintiff's characterization of the Discovery Order as a report and recommendation, clarifying that it viewed his letter as an appeal of a non-dispositive order, and ordered briefing. *See* Dkt. No. 127. Now before the Court are Plaintiff's objections to the non-dispositive Discovery Order. For the reasons that follow, the Court overrules Plaintiff's objections and affirms the Discovery Order.

## LEGAL STANDARD

"A party seeking to overturn a discovery ruling by a magistrate judge generally bears a heavy burden." *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4 (E.D.N.Y. 2022). "The applicable standard of review of a magistrate judge's decision turns on whether the issue is dispositive or nondispositive." *City of New York v. FedEx Ground Package Sys., Inc.*, 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017). Pretrial discovery motions, such as the one at issue here, are "considered nondispositive and are reviewed for clear error." *Id; see also Foli v. Metro-North R.R.*, 2025 WL 636093, at *2 (S.D.N.Y. Feb. 27, 2025) (citing 28 U.S.C. § 636(b)(1)(A)); Fed. R. Civ. P. 72. "A ruling is clearly erroneous

2

where, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *FedEx Ground Package Sys., Inc.*, 2017 WL 633445, at \*3. Additionally, a ruling is "contrary to law" only "if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, or is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Foli*, 2025 WL 636093, at \*2 (citing *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. Dec. 27, 2013)). The standard of review is highly deferential and the party seeking to overturn a magistrate judge's decision thus carries a heavy burden. *FedEx Ground Package Sys., Inc.*, 2017 WL 633445, at \*3.

## DISCUSSION

The Discovery Order was not erroneous or otherwise contrary to law. To the contrary, it was well reasoned and aligned with this Court's directive to grant Plaintiff latitude to conduct *limited* discovery. Dkt. No. 117 at 1. Plaintiff's objections are twofold. First, he argues that he should be allowed to depose additional individuals mentioned in Defendants' summary judgment briefing, who did not submit declarations—Edrick Ramdeen, Ramon De La Cruz, Nush Celaj, Adolph Lauriano, Gezim, and Leoron Prelvukaj—rather than just the three individuals outlined in the Discovery Order: Julie Rodriguez, Shea Taylor, and Fausto Pillco. *See* Pl.'s Objections at 3. During the February 20, 2026 hearing before this Court, however, when asked who Plaintiff's counsel would depose on the "issues regarding these exemptions," if given the opportunity, he replied, "I think there are four witnesses who submitted affidavits that we weren't able to depose: Shea Taylor, Julia Rodriguez, Fausto Pillco and someone else. Right?" Oral Argument Tr. 22:14–22; 23:17–22. There were in fact four witnesses who submitted declarations—the three individuals included in the Discovery Order as well as Vesa Naka, who Plaintiff's counsel did not seek to depose in his letter to Judge Lehrburger. Dkt. No. 118. Thus, the only three remaining witnesses who Plaintiff's counsel himself identified were the ones listed in the Discovery Order. Regardless, the Court finds the Discovery Order more than

generous with respect to additional depositions and entirely in line with this Court's original directive to allow Plaintiff limited supplementary discovery.

Second, Plaintiff's counsel maintains that the Discovery Order unfairly limits the scope of the depositions to the individual deponent's declarations submitted on summary judgment, and maintains that he should be permitted a wider berth—specifically to explore the "elements of the subject defenses," and "issues such as personal knowledge, background information, credibility, etc., that are inherently relevant to all witnesses on such issues." Pl.'s Objections at 3–4. In the hearing on March 12, 2026, however, Judge Lehrburger expressly stated that the scope of the depositions could include the elements of the exemptions, Oral Argument Tr. at 17:14–17, as well as "obviously some basic information of who they are and what they did and things like that," *id.* at 17:19–24, a fact which Plaintiff's counsel himself appeared to appreciate when he drafted his objections. *See* Pl.'s Objections at 3 ("The Court also confirmed that I can also ask what the Court referred to as *basic* questions – like questions concerning personal knowledge, background information, credibility, etc., which are inherently relevant to every witness/issue."). Accordingly, the scope of the depositions aligns with the goals stated by both parties and regardless, a court is well within its power to limit the scope of depositions. *See, e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 11593436 (S.D.N.Y. Sept. 8, 2017) (citing Fed. R. Civ. P. 30(d)). Finding no clear error in the Discovery Order, the Court affirms.

**CONCLUSION**

The Court affirms the Discovery Order and for the reasons stated above, Plaintiff's objections are overruled.

SO ORDERED.

Dated:      June 9, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge

4